**Ex Parte Paul David KELLEY, Appellant.**

**No. 05–83–00320–CR.**

Court of Appeals of Texas, Dallas.

April 5, 1983.

Michael Sloan, Richardson, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before CARVER, ALLEN and ROWE, JJ.

CARVER, Justice.

Paul David Kelley has given notice of appeal to this Court "from the (trial court's) denial of defendant's application for Writ of Habeas Corpus entered on the 7 day of March 1983." We dismiss the appeal be-

cause no such denial appears in our record and Kelley's counsel concedes that no disposition of any kind has yet been ordered of Kelley's application in the trial court.

Kelley was sought to answer criminal charges in the State of Illinois under procedures set out in Chapter Fifty-One, Fugitives From Justice, arts. 51.01 through 51.-14, Tex.Code Crim.Proc.Ann. (Vernon Supp. 1982). While the record is not clear, apparently Kelley was arrested prior to requisition by the Governor of Illinois (art. 51.-13(13)) and admitted to bail by a magistrate (art. 51.13(15)). The condition of Kelley's bond was "his appearance before him (magistrate) at a time specified in such bond, and for his surrender, to be arrested upon· the warrant of the Governor of this State" (art. 51.13(16)). Also, apparently, the Governor of Illinois thereafter requisitioned, or demanded, Kelley's extradition as a fugitive (art. 51.13(13)); our Governor investigated the demand (art. 51.13(4)); and our Governor then issued his warrant (art. 51.13(7)). The issuance of our Governor's warrant terminated Kelley's right to remain at liberty upon bond he filed with the magistrate because of the bond's stated condition. However, the record reflects that Kelley, nevertheless, remained at liberty and filed an application for a writ of habeas corpus in order to "test the legality of arrest" on the Governor's warrant as authorized by art. 51.13(10). At the hearing of Kelley's writ application, Kelley sought, and the State consented to, a continuance whereupon the State moved to have Kelley's liberty revoked because his prior bond had expired by its own terms upon the issuance of the Governor's warrant. The trial court granted the State's motion and Kelley was, and still is, confined.

On submission, Kelley conceded that no ruling had been made upon his application for a writ of habeas corpus and that his "appeal," as if such ruling had been made, was erroneous.

We hold that, since Kelley's appeal complains of a trial court order that is non-exis-

amounts in the judgment rendered in the present case.

tent, there is no subject matter upon which our appellate jurisdiction can operate; consequently, the appeal is dismissed at Kelley's cost.